## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA
ex rel. PUBLIX LITIGATION
PARTNERSHIP, LLP, et al.,**

      **Plaintiff-Relator,**

**v.**                              **Case No. 8:22-cv-2361-TPB-AAS**

**PUBLIX SUPER MARKETS, INC.,**

      **Defendant.**
_____/

## ORDER

Relator Publix Litigation Partnership, LLP (Relator) moves for an order compelling Defendant Publix Super Markets, Inc. (Publix) to produce all its pharmacies' opioid, benzodiazepine, and muscle-relaxing drug dispensing data. (Doc. 85). Publix opposes the motion. (Doc. 86).

### I.    BACKGROUND

In this *qui tam* action, Relator alleges Publix violated the Controlled Substances Act (CSA), which governs the manufacture, distribution, and dispensing of controlled substances in the United States. (*See* Doc. 55). Relator alleges the CSA requires pharmacies to determine the legitimacy of a controlled substance prescription before dispensing it by recognizing "red flags" or warning signs that raise a reasonable suspicion that a prescription is

1

not legitimate. (*Id.*). Relator alleges Publix must investigate and resolve such "red flags" and determine that the prescription is legitimate before dispensing. (*Id.*). Relator alleges Publix dispensed large numbers of opioid prescriptions with unresolved "red flags," which were then paid for by Medicare, Medicaid, or TRICARE. (*Id.*).

In its Requests for Production, Relator requests that Publix "produce prescription dispensing data for the relevant time period,[1] regardless of payor, of patients and providers for whom a government healthcare program paid a claim for an opioid prescription." (Doc. 85, p. 1; Doc. 61, pp. 6–7). In response, Publix offered to produce "dispensing claims data for the same opioids, benzodiazepines, and muscle-relaxer drugs and patient fields that were produced in the opioids Multi-District Litigation (MDL) (e.g., patient age, patient zip code, prescriber name and address, drug prescribed, dosage unit and days' supply, date of dispensing, pharmacy, etc.), but limited to prescriptions paid for by Medicare, Medicaid, or TRICARE, i.e., the government payors named in the Amended Complaint." (Doc. 86, pp. 2–3).

Relator now moves for an order compelling Publix to produce all its pharmacies' opioid, benzodiazepine, and muscle-relaxing drug dispensing prescription dispensing data. (Doc. 85). Publix opposes Relator's motion and

---

[1] The "relevant time period" is from January 1, 2012 through the present. (*See* Doc. 61, p. 3).

requests that the court limit the data production to the specific claims and government payor prescriptions identified in the amended complaint. (Doc. 86).

## II.    ANALYSIS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The party objecting to discovery bears the burden of "demonstrat[ing] with specificity how the objected-to request is unreasonable or otherwise unduly burdensome." *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425, 2016 WL 10646561 (S.D. Fla. Sept. 22, 2016) (citations omitted). "The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

The False Claims Act (FCA) prohibits knowingly presenting or causing to be presented any false or fraudulent claim for approval. *See* 31 U.S.C. § 3729(a)(1)(A). The FCA covers entities that receive federal funds or operate with a high degree of government involvement, such as Medicare, Medicaid, or TRICARE. *See* 31 U.S.C. § 3729(a)–(b). The claims listed in Publix's amended complaint represent a small fraction of prescriptions. The 1,250 prescriptions Relator cites are from 45 stores (of almost 1,300 Publix stores with pharmacies

nationwide). The only non-Florida pharmacy alleged is a single Alabama location with six listed prescriptions. The 1,250 alleged false claims relate to three types of "red flag" prescriptions— "trinity" prescriptions, "bad doctor" prescriptions, and "doctor shopping" prescriptions. Essentially, Relator requests all Publix pharmacies' dispensing data for any patient who ever had an opioid prescription paid for by a government payor or any prescriber who ever had an opioid prescription paid for by a government payor. The massive amount of data requested is not relevant or proportional to the needs of this case. *ee United States v. Sand Lake Cancer Ctr., P.A.*, No. 8:13-CV-2724-T-30MAP, 2017 WL 10276863, at *2 (M.D. Fla. May 18, 2017) (quashing subpoena in *qui tam* action based that requested "documents related to all insurance claims (not just claims to the state and federal governments)").

In addition, Relator's request would include data containing prescription histories for multiple non-parties, such as the prescriber's name, address, drug prescribed, quantity and strength, the date and time the prescription was filled, and where the prescription was filled. It would also include sensitive personal health information fields subject to HIPAA protections. *See* 45 C.F.R. § 164.514(b)(2). Although patients' names will be redacted, that does not eliminate risks to these non-parties' privacy interests.

Finally, the Relator's request creates an undue burden. To respond to Relator's request, Publix would need to identify every prescriber who

prescribed an opioid paid for by a government payor since 2012 and then identify and pull every other opioid, benzodiazepine, and muscle relaxer prescription that the prescriber wrote since 2012. Publix would also need to identify every patient since 2012 who has received at least one opioid prescription paid for by a government payor and then pull that patient's other prescription records for opioids, benzodiazepines, and muscle relaxers since 2012. According to Todd Sturdivant, Publix's Senior Manager of IT, including for the Publix Pharmacy Analytics and Compliance Team, this production would require five to eight-and-a-half months to complete. (Doc. 86-1, p. 5). The requested discovery is disproportionately burdensome to the needs of the case. *United States ex rel. Edler v. Escambia Cnty.*, 344 F.R.D. 345, 351 (N.D. Fla. 2023) (noting the time it will take to run reports for claims in a database is a proper consideration when ruling on a motion to compel).

Thus, Relator's discovery request must be limited to discovery related to dispensing data for the prescriptions associated with the 1,250 claims specifically alleged in the amended complaint and the additional prescriptions filled at the 45 stores in Florida, the one store in Alabama, and only to the extent they were paid for by Medicare, Medicaid, or TRICARE.

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Relator's Motion to Compel (Doc. 85) is **GRANTED in part and DENIED in part**. The parties must meet and

confer about a reasonable deadline for Publix's production of the dispensing data detailed above. By **March 28, 2025**, Publix must file a notice advising the court of the agreed deadline. In all other respects, the motion is denied.

      **ENTERED** in Tampa, Florida, on March 13, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge