UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* PUBLIX LITIGATION
PARTNERSHIP, LLP, et al.,

    Plaintiff-Relator,

v.                                                   Case No. 8:22-cv-2361-TPB-AAS

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

**ORDER**

Defendant Publix Super Markets, Inc. (Publix) moves for an order compelling Relator Publix Litigation Partnership, LLP (Relator) to produce its entire investigation file. (Doc. 87). Relator opposes the motion. (Doc. 90).

**I.    BACKGROUND**

In this *qui tam* action, Relator alleges Publix violated the Controlled Substances Act, which governs the manufacture, distribution, and dispensing of controlled substances in the United States. (*See* Doc. 55). Relator alleges Publix carried out a corporate-wide scheme to knowingly and unlawfully dispense controlled substance prescriptions without performing the required due diligence to ensure the legitimacy of those prescriptions and received government reimbursement for the illegitimate prescriptions. (*Id.*). The

1

information about Publix's fraudulent submission of false claims to government payors was allegedly corroborated by an investigation conducted through Relator's counsel. (*Id.*). This investigation included interviews of former Publix pharmacists by a private investigator acting under the direction of Relator's counsel. (*Id.*).

Publix issued Requests for Production (RFPs) to Relator requesting all documents and communications concerning the investigation. (*See* Doc. 87-1). Publix also requested other documents supporting the allegations in the amended complaint, including claims related to specific prescribers and doctors, patients, one of Relator's partner's sales data analysis, and a "Do-Not-Fill." (*Id.*).

Relator objected to Publix's RFPs on the grounds of "attorney-client privilege, joint prosecution privilege, common interest privilege, and the work product doctrine." (*See* Doc. 87-2). Despite its objections, on February 1, 2025 (after this motion to compel was filed), Relator produced all "factual, non-privileged documents in the possession of Relator or its counsel, as well as other materials which are part of what Publix has termed 'Relator's Investigation File,' such as the nonpublic government payor claims data." (Doc. 90, p. 4).

Publix now moves for an order compelling Relator to produce the entire investigation file, including interview notes, memos, and other materials

2

related to all the interviews, all documents investigators or counsel reviewed or obtained during the investigation, and all documents regarding the claims data Relator analyzed. (Doc. 87). Publix argues that Relator waived any protections afforded to the investigation file by citing information contained in the file in the amended complaint.[1] (*Id.*).

Relator opposes Publix's motion only to the extent that it requests witness interview memos prepared by Relator's investigators at the direction of Relator's counsel and materials related to preparing those memos.[2] (Doc. 90). Relator argues that these documents are protected by the work product doctrine. (*Id.*).

## II. ANALYSIS

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). A privilege against disclosure also exists for work product. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1421 (11th

---

[1] For example, the amended complaint contains information from the investigation file, such as (i) the tools and training Publix provided pharmacists to review prescriptions (Doc. 55, ¶¶ 185, 209, 245; (ii) the pressure pharmacists allegedly felt to fill prescriptions (*Id.* at ¶ 187), (iii) alleged staffing issues (*Id.* at ¶ 263), and (iv) alleged consequences pharmacists faced for failing to fill prescriptions (*Id.* at ¶¶ 346, 347).

[2] Documents responsive to the remaining requests were provided on February 1, 2025. (*See* Doc. 90, p. 2).

Cir. 1994).³ Materials prepared by a party's representative, including their designated agent,⁴ to aid in anticipated or pending litigation will be protected from disclosure unless the privilege is waived or the party requesting the discovery shows a substantial need for the materials and cannot acquire a substantial equivalent without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Moreover, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (quoting *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977)), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994).

The parties appear to agree that factual documents Relator's investigators (or its counsel) obtained or reviewed during the investigation and documents they received or provided to interviewees are not privileged. (*See* Doc. 90, p. 5). In addition, documents that Relator's principals provided to counsel or private investigators to assist with the investigation are not privileged. *See United States v. Blackburn*, 538 F. Supp. 1376, 1380 (M.D. Fla.

---

³ *Cox* remains binding precedent despite the later enactment of Federal Rule of Evidence 502. *See Chick-fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 WL 3763032, at *7 (S.D. Fla. Nov. 10, 2009); cf. *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 504–05 (2009).

⁴ This includes materials and notes prepared by a party's investigators in anticipation of litigation. *See United States v. Nobles*, 422 U.S. 225, 238–39 (1975).

4

1982). Thus, non-privileged documents would include documents about specific patients or prescribers (Doc. 55, ¶¶ 295–318), the "list of guidelines and safeguards to follow when dispensing controlled substances" (*Id.* at ¶¶ 328, 351), and the analysis of sales data and the "Do-Not-Fill" list (*Id.* at ¶ 350). These documents, as well as any other documents counsel or investigators reviewed, must be produced. According to Relator's response to the instant motion to compel, Relator produced "materials which Publix spends significant parts of its motion addressing, such the nonpublic government payor claims data, Relator's partner's analysis of sales data, and documents related to prescribers and patients." (*See* Doc. 90, p. 6). To the extent these documents have not been produced, the court will impose a deadline for production.

In addition, Relator agreed to produce all documents in the investigation file except for the witness interview memos and communications between Relator's counsel and the private investigator, which Relator withheld on work product grounds. (*Id.* at p. 5). Publix does not appear to dispute that the witness interview memos and communications prepared by Relator's investigators, at the direction of Relator's counsel, are protected as work product. (*See* Doc. 87). Instead, Publix contends that by including facts contained in these documents in the amended complaint, Relator has waived work product protection. (*Id.* at pp. 6–10).

5

The work product doctrine protects interview memos and notes prepared by an attorney. *Hickman*, 329 U.S. at 510. Similarly, notes or memos prepared by an attorney's agent, such as a private investigator, are protected. *See Nobles*, 422 U.S. at 238–39. The party asserting waiver of work product protection has the burden of establishing "that the party claiming the privilege has waived its right to do so." *Mitsui Sumitomo Ins. Co. v. Carbel, LLC*, No. 09-21208-CIV, 2011 WL 2682958, at *3 (S.D. Fla. July 11, 2011).

Although the work product doctrine does not protect factual information from disclosure, it protects a party only from disclosing particular documents containing the information. *Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008). Like this action, in *Perri v. Royal Caribbean Cruises, Ltd.*, the plaintiff moved to compel the production of an investigative report, arguing that the defendant had waived work product protection. No. 23-CV-21309, 2023 WL 8679221, at *1 (S.D. Fla. Sept. 14, 2023). The court rejected this argument, explaining that the information disclosed by the defendant from the investigative report—"a factual statement allegedly made by Plaintiff"—was not protected work product. *Id*. While this statement, "like other factual elements of the investigative report, are properly discoverable," the disclosure of the factual statement did not create a waiver of the work product protection over the report itself, despite the report being the party's source for the factual statement. *Id*.

By contrast, when a party discloses a verbatim excerpt of the work product rather than the facts contained within, work product protection of the entire document is waived. In *JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, cited by Publix, the court held that work product protection over a sworn witness statement was waived when an excerpt from that statement was attached as an exhibit to a court filing. 297 F.R.D. 522, 530–31 (S.D. Fla. 2013). Relator's amended complaint does not include verbatim excerpts of witness interview memos or communications between Relator's counsel and the private investigators.

Publix asserts that by including facts in the investigative file in the amended complaint, Relator "waived any protections afforded to its Investigation file." (Doc. 87, p. 1). Publix contends this waiver extends "to similar topics regarding Publix's operations and dispensing of controlled substances." (*Id*. at p. 8). However, "the subject-matter waiver doctrine does not extend to materials protected by the opinion work product privilege." *See Cox*, 17 F.3d at 1422; *see also United Steelworkers of Am., AFL-CIO-CLC v. Ivaco,* No. 1:01-CV-0426-CAP, 2002 WL 31932875, at *5 (N.D. Ga. Jan. 13, 2003) ("[D]isclosure of some documents generally does not destroy work product protection for other documents relating to the same subject matter."). Thus, Relator has not waived its work product protection to witness interview

memos prepared by Relator's investigators or other materials related to the preparation of those memos.

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Publix's Motion to Compel (Doc. 85) is **GRANTED in part and DENIED in part**. By **April 4, 2025**, Relator must produce all documents in its investigation file, except the witness interview memos and communications between counsel and the private investigators. In all other respects, the motion is denied.

**ENTERED** in Tampa, Florida, on March 13, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge