UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**
*ex rel.* **PUBLIX LITIGATION**
**PARTNERSHIP, LLP, and on behalf of**
**the STATES of FLORIDA, GEORGIA,**
**NORTH CAROLINA, TENNESSEE,**
**and the COMMONWEALTH of VIRGINIA,**

      Plaintiff/Relator,

v.                                  Case No. 8:22-cv-2361-TPB-AAS

**PUBLIX SUPER MARKETS, INC.,**

      Defendant.
_____/

## ORDER

Relator Publix Litigation Partnership, LLP (Relator) moves for an order compelling Defendant Publix Super Markets, Inc. (Publix) to produce opioid prescription dispensing data in compliance with the court's March 13, 2025 discovery order (doc. 94). (Doc. 115). Publix opposes Relator's motion to compel. (Doc. 123). While Relator's motion to compel was pending, Publix moved to stay discovery pending disposition of its motion to dismiss Relator's second amended complaint. (Doc. 125). Relator opposes Publix's motion to stay discovery. (Doc. 127).

As an initial matter, Publix's pending objection to the court's March 13,

1

2025 discovery order does not excuse compliance with the order. Under Federal Rule of Civil Procedure 72(a),[1] when a magistrate judge issues an order on a non-dispositive pretrial matter, the order is considered final unless reversed or modified by the district court. Filing an objection to such an order does not stay compliance with the order or relieve the party of its obligation to comply. The party must continue to adhere to the order unless the district court modifies or sets aside the order. *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (2013). Likewise, the court's order granting Publix's motion to dismiss Relator's amended complaint without prejudice (Doc. 115) and Publix's motion to dismiss Relator's second amended complaint (Doc. 124) do not moot Publix's obligation to comply with the court's discovery order absent a court-ordered stay. However, before ruling on Relator's motion to compel, the court will consider Publix's motion to stay discovery pending disposition of its motion to dismiss Relator's second amended complaint.

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to

---

[1] Federal Rule of Civil Procedure 72(a) states that objections to a magistrate judge's order must be filed within 14 days, and the district judge must review the objections to determine whether any part of the order is clearly erroneous or contrary to law. However, the rule does not provide for an automatic stay of the order during the objection process.

2

dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017*)* ("And, in general, motions to dismiss for failure to state a claim 'should be resolved before discovery begins.'").

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing those facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery." *Id.*

The gravamen of Publix's motion to dismiss is that Relator's second amended complaint fails to state a claim under the False Claims Act. (Doc. 124). Without remarking on the merits of Publix's motion to dismiss, the court finds good cause for a temporary stay of discovery. Publix's motion to dismiss presents a nonfrivolous challenge to Relator's claims. Although such a stay will

3

delay Relator's efforts to obtain discovery, the resulting harm is minimal compared to the benefits of saved time, money, and resources if the court dismisses this action. *Roether v. Georgia*, No. 22-13731, 2024 WL 358121, at *4 (11th Cir. Jan. 31, 2024) (finding stay of discovery proper "because of the likely cost and complexity of discovery"); *MSPA Claims 1, LLC v. Halifax Health, Inc*, 6:17-cv-1790-Orl-31DCI, 2017 WL 6512554, at *2 (M.D. Fla. Dec. 20, 2017) (staying discovery pending resolution of motion to dismiss where plaintiff's initial discovery requests sought financial records for every Medicare recipient treated at the defendant's facilities over seven years because "discovery in this case is likely to be highly burdensome").

Accordingly, it is **ORDERED**:

(1) Publix's motion to stay discovery (Doc. 125) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on Publix's motion to dismiss Relator's second amended complaint (Doc. 20).

(2) Relator's motion to compel (Doc. 115) is **DENIED without prejudice.** Relator may refile its motion to compel after disposition of Publix's motion to dismiss, if appropriate.

**ENTERED** in Tampa, Florida, on July 11, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge